# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Hope Marie Burd, | ) | Case No.: 1:25-cr-00159 |
| | ) | |
| Defendant. | ) | |

Defendant made her initial appearance in this matter on September 8, 2025, and was arraigned. (Doc. No. 10). Prior to her initial appearance, Defendant was incarcerated by the State of North Dakota at the Dakota Women's Correctional and Rehabilitation Center. After the Indictment was returned and an arrest warrant issued, a detainer was filed by the United States with North Dakota prison officials. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), Defendant's appearance before this court for her initial appearance and arraignment was secured by writ of habeas corpus *ad prosequendum*.

On September 8, 2025, the parties filed an "Interstate Agreement on Detainers Anti-Shuttling Waiver Stipulation," in which Defendant waived the anti-shuttling provisions and agreed to return to the custody of the State of North Dakota (the "sending state" under the IADA) at the Dakota Women's Correctional and Rehabilitation Center pending further proceedings in this case initiated by the United States (the "receiving state" under the IADA). (Doc. No. 11). Finding that Defendant's waiver was made knowingly, intelligently, voluntarily, and upon advice of counsel, the court adopted the stipulation and ordered that Defendant be housed in the "sending state" under the IADA pending further proceedings or until further order of the court. (Doc. No. 17).

On December 19, 2025, Defendant filed a notice of her withdrawal from the "Interstate Agreement on Detainers Anti-Shuttling Stipulation." (Doc. No. 41). Therein, she expressed a desire to return to and remain in federal custody.

There being no objection from the United States, the court shall accept Defendant's withdrawal of her previous waiver of the IADA's anti-shuttling provisions. Defendant shall be returned and remanded to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with court proceedings.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2025.

                                             */s/ Clare R. Hochhalter*
                                             Clare R. Hochhalter, Magistrate Judge
                                             United States District Court